**SO ORDERED.**

**SIGNED this 24th day of February, 2010.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

## United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| In Re | Bankr. Case No. |
| Antonio Cruz | 09-52305-C |
| Debtor | Chapter 7 |
| Lacks Stores, Inc. | |
| Plaintiff | |
| v. | Adv. No. 09-5105 |
| Antonio Cruz | |
| Defendant | |

**Order Denying Motions to Extend Discovery Period and to Extend Time to Respond to Debtor's Motion for Summary Judgment**

CAME ON for consideration the motions of Plaintiff Lacks Stores, Inc. to extend discovery period and to extend time to respond to motion for summary judgment. For the reasons set out herein, both motions are denied. The two motions are incorporated in a single pleading.

This complaint was filed September 28, 2009. The complaint seeks denial of the debtor's discharge under section 727(a), and also seeks to except from discharge a debt owed to Lacks, under section 523(a)(6). The allegations are, of course, serious. The debtor filed an answer, the clerk issued a scheduling order, and a discovery deadline was set for January 19, 2010. It is now apparent that the plaintiff took *no* discovery whatsoever, allowing the discovery deadline to pass.

Defendant then filed, on February 3, 2010, a "no evidence" motion for summary judgment. Such motions are designed to force a litigant to demonstrate that there are material issues of fact for which a trial is justified. If the plaintiff cannot do so, then the motion permits the court to put an end to the litigation, thereby saving the defendant from the cost and uncertainty of trial, and sparing the court the need to hear the case. The Fifth Circuit has explained the policy thusly:

> The Supreme Court has instructed us that the purpose of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990). To be certain, Rule 56 " mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S.Ct. at 2552 (emphasis added). Plainly, Rule 56 means what it says: "judgment ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added).

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The court added that "we do not ... in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.*

Not until February 22, 2010, just two days before a response was due to the defendant's motion for summary judgment, did plaintiff apparently wake up and realize that it had been caught napping. Long after the discovery deadline had passed in this case, the plaintiff first sought to "extend" the discovery period so that it could take the deposition of the debtor defendant. The request is a misnomer (if not an affirmative misstatement of the facts) in that the discovery period cannot be extended because it has already expired. It would have been more candid to ask to reopen discovery. The plaintiff also sought more time to respond to the motion for summary judgment (namely, enough time to take the deposition of the debtor defendant), though it waited until just *two days* before a response was due to file this motion. The motion suggests that the defendant will not be opposed to an extension of time to respond to the summary judgment motion.

Defendant promptly filed a response to this motion, on February 24, 2010, opposing both the request to reopen discovery and the request for more time to file a response to the motion for summary judgment. Defendant also contests the representation in the motion that defendant would not oppose an extension of time to respond to the motion for summary judgment.

The motions are not well taken. The plaintiff in effect asks the court to (i) ignore the deadlines set out in the scheduling order, (ii) ignore the plaintiff's lack of attention to prosecuting the lawsuit that the plaintiff itself filed, and (iii) ignore the clear policy espoused by the Supreme Court of the United States, reiterated by the Fifth Circuit, favoring disposition of matters by summary judgment when there is no factual basis for the litigation. And no compelling reason is offered, other than that the plaintiff wants the

relief it is requesting. The motion reiterates the plaintiff's allegations, attempting apparently with inflammatory rhetoric to induce the court to overlook the plaintiff's complete failure to take any steps to actually *prove* its allegations in a court of law.

It is for just such cases as this that both this court's scheduling order and the Supreme Court's encouraging the use of "no evidence" motions for summary judgment were intended. Regardless whether the plaintiff's mishandling of this lawsuit was calculated or merely negligent, there is little reason why such conduct should be rewarded, especially at the expense of the other party.

The prejudice to the defendant in this case is very real. The motion, if granted, would deprive the defendant of the very cost saving that the Fifth Circuit's rule in the *Little* case is designed to deliver. When a court fails to support that policy, it actually encourages parties to hike up the cost of litigation by dilatory tactics, in order to exert leverage on the other side to settle. No court should ever be a party to such tactics. In addition, the motion would, if granted, require the defendant to endure a discovery cost that it should not have to endure, given that the time for discovery in this case ran without any timely request for extension by the plaintiff, and the defendant justifiably relied on the state of discovery (or lack of same) in bringing its "no evidence" motion for summary judgment. Such motions, of course, cost the litigant money, but attorneys rightly advise their clients that the cost is justified because the court will, if it follows the law, bring the litigation to a quick end. Both the defendant and his counsel would be deprived of the benefit of the rule of law were this court to grant the plaintiff's motions. The defendant's counsel would also have to rearrange his own trial schedule to accommodate the mistakes of plaintiff's counsel so that a deposition could be

scheduled. Finally, the trial of this matter would also have to be put off to accommodate the failings of plaintiff's counsel, further delaying the debtor's fresh start.

The court will not reopen discovery in this case. The plaintiff had 135 days within which to conduct discovery. It did nothing. The plaintiff never asked to extend the time to conduct discovery before the deadline expired. It is no argument that the plaintiff did not expect to be facing a "no evidence" motion for summary judgment either. The scheduling order is expressly designed to *encourage* just such motions, by setting the deadline for filing dispositive motions for a time *after* the close of discovery. Plaintiff may not *like* that policy, given that it may not serve plaintiff's purposes, but that is hardly a reason for this court to depart from the policy -- especially as it is exactly congruent with stated Fifth Circuit policy. The motion to "extend" discovery period 5is denied.

The court also denies the motion to extend the time for plaintiff to file a response to the timely and appropriately filed "no evidence" motion for summary judgment. That motion is serving precisely the intentions expressed by the Fifth Circuit in *LIttle* -- to smoke out not only lawsuits that are frivolous in the first instance but also litigants who fail to take seriously their obligations. If a party wants to sue someone, imposing on the defendant all the expense, worry, and inconvenience that lawsuits impose, then that party had better be prepared to follow through. If they are not, then they ought to be turned out as quickly as possible. That is the least a court can do to prevent the damage that inevitably flows from such abuses of process.

The motions are denied.

###